DOYLE, Chief Judge,
dissenting.
Based on the record before us, I disagree that the Pattersons have failed to meet their burden on summary judgment to put forth evidence that excludes every other reasonable hypothesis as to the cause of their illness.
Specifically, Big Kev’s posits that the rehearsal dinner dessert provided by a separate caterer, a bartender’s service of alcohol at the rehearsal dinner, Big Kev’s leftovers eaten the following day, food served at the wedding reception by another caterer, and, as to Taylor Patterson, her care for her husband while he was “contagious” are other reasonable hypotheses for the cause of their illness. However, besides the Pattersons, approximately seventeen other guests who ate at the rehearsal dinner also became ill, four of whom testified that they experienced the same symptoms within a similar time frame, with one of them also officially diagnosed with salmonella like Joshua Patterson.[4]
In addition to the two formal diagnoses of salmonella linked to food poisoning, there is testimony from at least one person who became ill that he or she did not consume the dessert,[5] alcohol,[6] *261 leftovers,[7] or wedding reception food.[8] Rather, the evidence shows that the only common food that the Pattersons and the four witnesses ate was the food served by Big Kev’s. The diagnosis of salmonella and this testimony are sufficient to exclude the alternative hypotheses posited by Big Kev’s as to the cause of the illness.[9] Thus, the grant of summary judgment in favor of Big Kev’s was improper.
I am authorized to state that Presiding Judge Barnes and Presiding Judge McFadden join in this dissent.

 The rehearsal dinner took place on Friday, June 20, 2014. On June 23, Joshua began to experience diarrhea, vomiting, and chills. The next day, his stool sample tested positive for salmonella. Though she was not officially diagnosed with salmonella, on June 25, Taylor Patterson began to experience diarrhea, cramping, vomiting, stomach pain, and fever, and she was treated for salmonella. Andrew Love testified that on June 24, he began to experience diarrhea, vomiting, high fever, and chills. Love then sought treatment at the emergency room, where doctors took a stool sample that tested positive for salmonella resulting from tainted food. On June 22, Todd Wischerth became ill experiencing aches, fever, chills, sweating, shaking, diarrhea, and nausea that were so bad that he had to cancel his June 23 flight and reschedule it for June 26, when he still felt “pretty dicey.” Leslie Reynolds deposed that she suffered diarrhea and related symptoms from late Sunday night through Wednesday. And on Sunday night, Andrew Martin began suffering from severe diarrhea and chills, and he could not eat. Overall, these witnesses estimated that as many as 17 out of the 40 guests who attended the rehearsal dinner got sick.

 Reynolds, Wischerth, and Martin testified they did not eat the dessert. This testimony is evidence that would exclude the dessert as a reasonable hypothesis as to the cause of the illness.

 There is no evidence that Taylor Patterson consumed any alcohol at the rehearsal dinner. This would exclude the service of alcohol as a reasonable hypothesis. Further, according to Big Kev’s, “little is known about the bartender at the rehearsal dinner,” but the record shows that the bartender did not attend the wedding, and Love deposed that he learned that the bartender also ate Big Kev’s food and got salmonella within a couple of days. There is no evidence that the *261 bartender was sick or had symptoms at the rehearsal dinner. An alternative hypothesis must be reasonable; a plaintiff does not have the burden to rule out tenuous or speculative hypotheses. Accordingly, this record does not support a reasonable hypothesis showing that the bartender was the source of the victims’ illness.

 Taylor, Reynolds and Wischerth testified they did not eat any leftovers. This testimony is evidence that would exclude the leftovers as a reasonable hypothesis.

 Love testified that he ate no food at the wedding reception. He also testified that the bartender from the rehearsal dinner ate there and got ill, and he did not attend the wedding. This testimony is evidence that would exclude the wedding reception food as a reasonable hypothesis.

 Big Kev’s also argues that because of the timing of her symptoms, Taylor Patterson “caught” her illness from her husband, so she cannot be relied upon to rule out alcohol as the source of illness. But this is speculative and is properly probed at trial and resolved by the jury. Thus, this theory does not create a reasonable hypothesis that her illness was causedby a source other than Big Kev’s food served at the rehearsal dinner that her husband consumed.